UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY STEARNS,

      Plaintiff,

v.                            CASE No. 8:15-cv-2386-T-23TGW

CAROLYN W. COLVIN, Acting
Commissioner of Social Security,

      Defendant.

_____

## REPORT AND RECOMMENDATION

      The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits and supplemental security income payments.[1]  Because the decision of the Commissioner of Social Security fails adequately to explain its resolution of the plaintiff's impairments of fibromyalgia and affective disorder, I recommend that the decision be reversed and the matter remanded for further proceedings.

---

     [1]This matter comes before the undersigned pursuant to the Standing Order of this court dated January 5, 1998.  See also Local Rule 6.01(c)(21).

I.

The plaintiff, who was 38 years old at the time of the administrative hearing and who has the equivalent of a high school education, has worked relevantly as an office manager, counter attendant, and bridge tender.   She filed claims for Social Security disability benefits and supplemental security income payments alleging that she became disabled due to seventeen limiting conditions (Tr. 252).   The claims were denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge found that the plaintiff had severe impairments of degenerative disc disease, status post-cervical fusion, fibromyalgia, depressive disorder, and anxiety disorder (Tr. 71).   He concluded that with these impairments the plaintiff "has the residual functional capacity (RFC) to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant: can occasionally climb stairs/ramps, balance, stoop, and reach overhead; can never kneel, crouch, crawl, or climb ladders/ropes/scaffolds; must avoid concentrated exposure to hazards and noise; cannot perform tasks involving high production quotas or

-2-

assembly lines; and can have occasional public contact" (Tr. 73).  The law judge determined that, despite those restrictions, the plaintiff had the ability to return to prior work as an office manager and a bridge tender (Tr. 76). Accordingly, the law judge decided that the plaintiff was not disabled (Tr. 77).  The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

## II.

In order to be entitled to Social Security disability benefits and supplemental security income, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A), 1382c(a)(3)(A).  A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3), 1382c(a)(3)(D). The Act provides further that a claimant is not disabled if she is capable of performing her previous work. 42 U.S.C. 423(d)(2)(A), 1382c(a)(3)(B).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

-4-

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

### III.

The plaintiff's attorney, as is his practice, unloads a shotgun attack on the law judge's decision. For the most part, the Commissioner's memorandum does a good job answering the plaintiff's numerous contentions (Doc. 21, pp. 5-18). However, with respect to aspects of two of the plaintiff's issues, the law judge (who heard the testimony remotely from Falls Church, Virginia) failed to honor nuances in Eleventh Circuit Social Security law. Those errors warrant reversal.

A. One of the plaintiff's claims is that the law judge failed to analyze fibromyalgia properly (Doc. 20, p. 3). The law judge found that the plaintiff had a severe impairment of fibromyalgia. Because that condition has

the characteristic of a lack of objective evidence, the evaluation of fibromyalgia must be refined.

"Fibromyalgia is a condition characterized by widespread pain in joints, muscles, tendons and soft tissues." Heppell-Libsansky v. Commissioner of Social Security, 170 Fed. Appx. 693, 699 n.1 (11th Cir. 2006). The Eleventh Circuit has noted that the hallmark of fibromyalgia is a lack of objective evidence. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005). As explained in Sarchet v. Chater, 78 F.3d 305, 306 (7th Cir. 1996):

> Its cause or causes are unknown, there is no cure, and, of greatest importance to disability law, its symptoms are entirely subjective. There are no laboratory tests for the presence or severity of fibromyalgia. The principal symptoms are "pain all over," fatigue, disturbed sleep, stiffness, and – the only symptom that discriminates between it and other diseases of a rheumatic character – multiple tender spots, more precisely 18 fixed locations on the body (and the rule of thumb is that the patient must have at least 11 of them to be diagnosed as having fibromyalgia) that when pressed firmly cause the patient to flinch.

In <u>Stewart</u> v. <u>Apfel</u>, 245 F.3d 793 (Table) (11th Cir. 2000), 2000 U.S. App. LEXIS 33214 *9 n.4, a case relied upon by the plaintiff, the court stated:

> Here, the ALJ discredited Stewart's testimony as to the severity of her joint pains and fatigue based in part on the lack of objective evidence in the record. In view of the fact that fibromyalgia by its very nature lacks objective evidence, the ALJ did not give sufficient reasons for finding that Stewart lacked credibility.

That same deficiency is present here.

In connection with the law judge's credibility determination, he stated (Tr. 76): "I find the claimant's subjective complaints and alleged limitations are grossly out of proportion to the limitations demonstrated by objective medial evidence." As explained, that finding is not sufficient to discount the plaintiff's subjective complaints due to fibromyalgia.

Coincidentally, as I was drafting this portion of the Report and Recommendation, the Eleventh Circuit released another decision regarding fibromyalgia. <u>Brown-Gaudet-Evans</u> v. <u>Commissioner of Social Security</u>, ___ Fed. Appx. ___, 2016 WL 7157976 (11th Cir., December 8, 2016). In that decision, the court reiterated that "the 'hallmark' of the disease is a 'lack of

objective evidence.'" Id. at *3. The court found reversible error because "the

ALJ failed to adequately explain why he did not credit Brown-Gaudet-Evans'

testimony as to her pain." Id.

It is recognized that in the decision in this case, the law judge

stated (Tr. 74):

> In reviewing the claimant's statements and the
> longitudinal medical record, I have considered
> evidence pertaining to factors such as the
> claimant's daily activities; the location, duration,
> frequency and intensity of pain and other
> symptoms; precipitating and aggravating factors;
> the type, dosage, effectiveness, and side effects of
> any medication taken to alleviate pain or other
> symptoms; and other evidence including additional
> measures used to relieve pain or other symptoms.

This is standard language that appears in most, if not all, adult disability

decisions since it merely echoes the language of the regulations. See 20

C.F.R. 404.1529(c)(3), 416.929(c)(3).   Importantly, the law judge did not

articulate an evaluation of the plaintiff's fibromyalgia employing these

factors.  In fact, aside from a passing mention of the plaintiff's medication

"for her unspecified myalgia/myositis and/or fibromyalgia" (Tr. 74), the law

judge did not discuss the plaintiff's fibromyalgia.

In short, the law judge erred because he discounted the plaintiff's subjective complaints due to fibromyalgia on the basis of a lack of objective medical evidence.   In all events, the law judge's findings regarding the plaintiff's functional limitations from fibromyalgia are not sufficiently explained in order to permit meaningful judicial review.   Ryan v. Heckler, 762 F.2d 939, 941-42; see also Hudson v. Heckler, 755 F.2d 781, 785-86 (11th Cir. 1985).   These circumstances warrant reversal.

        B.      There is, moreover, a further deficiency in the law judge's decision concerning functional limitations due to the plaintiff's mental impairment.

        The plaintiff argues that the law judge's "hypothet" to the vocational expert did not include all of the limitations indicated in the report of consultative psychologist Dr. Gerald J. Hodan (Doc. 20, pp. 12-13).   To the extent the plaintiff challenges the law judge's discounting of Dr. Hodan's opinion, that challenge is unpersuasive.   The law judge gave a reasonable basis for discounting that opinion, including pointing out that Dr. Hodan relies upon the plaintiff's alleged physical limitations, allegations not within Dr. Hodan's area of expertise and that the law judge had found not fully

credible (although that finding was, as explained, somewhat in error). However, the plaintiff's argument fairly raises the question whether the law judge's determination of the plaintiff's residual functional capacity and his "hypothet" were reasonable and supported by substantial evidence.

As the plaintiff points out (Doc. 20, p. 12), the law judge found that the plaintiff, due to her depression and anxiety disorder, had moderate limitations in social functioning and in concentration, persistence or pace (see Tr. 73). Winschel v. Commissioner of Social Security, 631 F.3d 1176, 1180-81 (11th Cir. 2011), holds that a hypothetical question to a vocational expert must either explicitly, or implicitly, account for limitations in concentration, persistence, or pace. Accordingly, Eleventh Circuit caselaw establishes that a limitation to simple, routine tasks adequately addresses a plaintiff's moderate limitations in concentration, persistence, or pace where the record shows that the plaintiff could perform such tasks. See Washington v. Social Security Administration, Commissioner, 503 Fed. Appx. 881, 883 (11th Cir. 2013); Smith v. Commissioner of Social Security, 486 Fed. Appx. 874, 877 (11th Cir. 2012) (medical evidence demonstrated that the performance of simple, routine and repetitive tasks adequately accounts for a moderate

limitation in ability to maintain concentration, persistence, or pace); <u>Scott</u> v. <u>Commissioner of Social Security</u>, 495 Fed. Appx. 27, 29 (11th Cir. 2012) (medical evidence demonstrated that the plaintiff could engage in simple, routine tasks or unskilled work despite moderate limitations in concentration, persistence, or pace); <u>Jarrett</u> v. <u>Commissioner of Social Security</u>, 422 Fed. Appx. 869, 872 (11th Cir. 2011) (medical evidence supports the conclusion that the plaintiff could perform simple and routine tasks notwithstanding a moderate limitation in maintaining concentration, persistence, and pace).

The reasoning of <u>Winschel</u> would extend to moderate limitations in social functioning. Thus, a hypothetical question would need to account for such limitations.

Significantly, Dr. Hodan's report opined that the plaintiff "is basically limited to being able to follow something very simple, routine, repetitive" (Tr. 657). If the hypothetical question included such a limitation, it would comply with <u>Winschel</u> insofar as a moderate limitation in concentration, persistence or pace was found. However, it did not.

Rather, the residual functional capacity and the hypothetical question pertinently restricted the plaintiff from tasks involving "high

production quotas or assembly lines" (Tr. 73). I am not aware of any Eleventh Circuit case, published or unpublished, holding that under Winschel such a restriction adequately accommodates a moderate limitation in concentration, persistence or pace.

Moreover, the law judge did not provide any explanation for concluding that a restriction from tasks involving high production quotas or assembly lines accommodates a moderate limitation in concentration, persistence or pace. The law judge did say that such a limitation justifies a reduction to low-stress work (Tr. 73). However, he did not provide any basis for concluding that such a limitation would adequately accommodate a moderate limitation in concentration, persistence or pace. And, here again, I am not aware of any Eleventh Circuit cases holding under Winschel that such a limitation is adequately covered solely by a restriction to low-stress work.

Under these circumstances, I cannot evaluate the reasonableness of the law judge's accommodation of the moderate limitation in concentration, persistence or pace. This inability to conduct meaningful

judicial review warrants reversal. Ryan v. Heckler, supra; Hudson v. Heckler, supra.

In addition, the law judge found that the plaintiff had a moderate limitation in social functioning. The only restriction in the hypothetical question for this limitation was to occasional public contact (T. 73). Dr. Hodan opines, in addition to such a limitation, the plaintiff could have problems "in sustaining smooth relationships with her co-workers and supervisors" and that she is "best suited for working by herself" (Tr. 657). A limitation to only occasional contact with co-workers or supervisors is regularly seen in residual functional capacity findings in cases with a moderate limitation in social functioning. There is no explanation for the lack of such a limitation here. Accordingly, I cannot determine whether the absence of such a limitation is reasonable.

## IV.

For these reasons, the decision of the Commissioner fails adequately to address the plaintiff's impairments of fibromyalgia and depression/anxiety. I, therefore, recommend that the decision be REVERSED and REMANDED for further proceedings.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: JANUARY 4, 2017

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.