UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CHARITY STERNS,

    Plaintiff,

v.                              CASE No. 8:15-CV-2386-T-23TGW

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,[1]

    Defendant.
_____

## REPORT AND RECOMMENDATION

This cause came on for consideration upon the Plaintiff's Unopposed Motion for Attorney's Fees (Doc. 26) filed by counsel for the plaintiff on March 31, 2017. Having considered the application, the defendant's lack of objection, and the pertinent factors regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), I recommend that the plaintiff be awarded $2,461.00 in fees to be paid, by virtue of a claim assignment, to plaintiff's counsel by the defendant if the plaintiff does not owe a debt to the United States Department of the Treasury.

---

[1] On January 23, 2017, Nancy A. Berryhill became the Acting Commissioner of Social Security and should therefore be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this action. See 42 U.S.C. 405(g); Fed.R.Civ.P. 25(d).

The applicant represented the plaintiff in this action seeking review of a denial of Social Security disability benefits and supplemental security income payments. This matter was remanded to the Social Security Administration by order of this court (Doc. 23). Judgment was entered in favor of the plaintiff on February 23, 2017 (Doc. 25). The plaintiff then filed an application for attorney's fees under the EAJA, and requests that the fees be paid directly to her attorney if the United States Department of the Treasury determines that the plaintiff does not owe a federal debt (Doc. 26; Doc. 26-1). The Supreme Court in Astrue v. Ratliff, 560 U.S. 586 (2010), approved the payment of fees directly to a plaintiff's attorney in cases where the plaintiff does not owe a debt to the government and assigns the right to such fees to the attorney.

The EAJA requires a court to award attorney's fees to any party prevailing in litigation against the United States unless the court finds that the position of the United States was "substantially justified" or that "special circumstances" make such an award unjust. 28 U.S.C. 2412(d)(1)(A). In this case, the applicant has requested an award of attorney's fees in the amount of $2,603.00 (Doc. 27). This amount represents 13.7 hours of service before the court in 2015, 2016 and 2017 at an hourly rate of $190.00 by attorney Roger W.

Plata (Doc. 26-1; Doc. 27). The plaintiff represents that the defendant has no objection to the motion (Doc. 26, p. 2). Furthermore, the defendant has not filed an objection to the motion and, therefore, it is assumed that she does not oppose the requested relief. See Local Rule 3.01(b).

There is no question that the plaintiff is a prevailing party. See Shalala v. Schaefer, 509 U.S. 292, 302 (1993). Moreover, the defendant has not suggested any basis for determining that an award of attorney's fees would be unjust. Consequently, the plaintiff is entitled to an award of attorney's fees.

The claim of 13.7 hours for services performed in this case does not appear unreasonable. Importantly, the defendant has not challenged that claim.

As for counsel's hourly rate, the applicant states that his regular rate is $190.00 (Doc. 27, p. 2). In seeking this hourly rate, counsel does not mention the EAJA's attorney fees limitation. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living ... justifies a higher fee." 28 U.S.C. 2412(d)(2)(A). Over the years since the increase of the fee cap to $125.00 per hour (and it is a fee cap, not a fee minimum), many Social Security practitioners in this division have annually requested a cost-of-living adjustment. As a consequence of these annual increases, the cap of $125.00 per hour had become

a base of at least $180.00 per hour. The Commissioner has not objected to these requests, and no objection has been asserted here. Nevertheless, those requests seem unreasonable under the circumstances.

Similarly, the plaintiff's request for an hourly rate of $190.00 for work done in 2015-2017 is beyond the bounds of reason. As I have previously emphasized, I consider that it is clearly unreasonable to award a lawyer who has prevailed in a Social Security case an hourly rate higher than the maximum rates for criminal defense lawyers appointed to defend capital cases during those years, which were $181.00 to $183.00. Unquestionably, it is far more demanding and challenging to defend a case where the defendant is facing the death penalty than it is to seek review of an adverse decision based upon an administrative transcript. Consequently, a lawyer prevailing in a Social Security case should not be paid a greater rate, or even a similar rate, than is paid to a criminal defense attorney defending a capital case. Accordingly, the hourly rates requested for the work performed in this case are unreasonable.

As I have already done in other cases making a similar request, I recommend awarding a rate of $175.00 per hour for work done in 2015, although that is only a few dollars per hour less than was paid for work defending capital cases those years. I recommend that the hourly rate for work

in 2016 and 2017 be compensated at $180.00, which is only a few dollars less than the rate for capital work performed during those years.

For the foregoing reasons, I recommend that the Plaintiff's Uncontested Motion for Attorney's Fees (Doc. 26) be granted to the extent that the applicant be awarded the amount of **$2,461.00** in an attorney's fee to be paid to the plaintiff's counsel by the defendant pursuant to the EAJA if the plaintiff is not indebted to the United States Department of the Treasury.

Respectfully submitted,

THOMAS G. WILSON
DATED: MAY 9, 2017    UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.